IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kimberly S. Brown, | : | |
| | : | Case No. 1:25-cv-552 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Affirming Report and |
| Commissioner of Social Security, | : | Recommendation and Overruling |
| | : | Objections |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation (R&R) issued by

Magistrate Judge Karen L. Litkovitz. (Docs. 12, 13.) Plaintiff Kimberly S. Brown initiated this

suit to appeal a final administrative decision denying her claim for disability insurance benefits.

The Magistrate Judge in the R&R recommended that the non-disability finding by the

Administrative Law Judge ("ALJ") be affirmed and Brown's Statement of Errors be overruled.

(Doc. 12 at PageID 1536.) Brown has filed Objections to the R&R. (Doc. 13.) For the reasons

that follow, the Court will **OVERRULE** Brown's Objections and **AFFIRM** the R&R.

## I.     STANDARD OF REVIEW OF A REPORT AND RECOMMENDATION

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1)

authorize magistrate judges to make recommendations concerning dispositive motions that have

been referred to them. Parties then have fourteen days to make, file, and serve specific written

objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

If a party files objections to a report and recommendation on a dispositive matter, a district judge

must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003).

1

## II.   BACKGROUND AND ANALYSIS

This case has a complicated factual and procedural history. The Court will focus here on the facts and procedural history directly relevant to Brown's Objections to the R&R.

### A.   Administrative Process

Brown filed an application for disability insurance benefits in July 2021 based on Legionnaire's disease, COPD, and anxiety. (Doc. 7-5 at PageID 293–297; Doc. 7-6 at PageID 336.) The first denial of her application was reversed and remanded for further proceedings. (Doc. 7-9 at PageID 969.) A second hearing was held before ALJ Christopher S. Tindale in February 2025. The ALJ issued a Decision on May 8, 2025 again denying her application after concluding that she was not disabled. (Doc. 7-8 at PageID 886–906.)

### B.   ALJ Decision

An ALJ follows a five-step sequential evaluation process to determine if a claimant is disabled:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).

2

The ALJ here made the following relevant findings (using the numbers provided in the Decision):

\* \* \*

5. [Plaintiff] has the following severe impairments: chronic obstructive pulmonary disease (COPD)/asthma, depressive disorder, personality disorder, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), disorders of the spine (20 CFR 404.1520(c)).

\* \* \*

7. After careful consideration of the entire record, the undersigned finds that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: she must avoid concentrated exposure to extreme heat, extreme cold, high humidity, and to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation. She can carry out simple tasks, maintain attention, make simple decisions, and adequately adhere to a schedule. She can have no public interaction. She can have occasional contact with supervisors and coworkers but no tandem tasks, no supervising others, no customer service duties, and no negotiation. She cannot have over-the-shoulder supervisor scrutiny. She can adapt to a setting in which duties are routine and predictable.

\* \* \*

12. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

13. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from May 30, 2020, through the date of this decision (20 CFR 404.1520(g)).

(Doc. 7-8 at PageID 893, 896–905.) The ALJ concluded that Brown "not disabled under sections 216(i) and 223(d) of the Social Security Act." (*Id.* at PageID 905.)

Finding 7, which was the residual functional capacity ("RFC") finding, is most directly in dispute in the Objections. Brown argues that the ALJ failed to adequately account for a finding by a state agency expert, Cindy Matyi, Ph.D., a psychologist, that Brown was limited to "superficial" interaction with others in the RFC. Dr. Matyi had determined that Brown had "social interaction limitations" and she opined as follows:

3

> Claimant is susceptible to misinterpreting interpersonal nuance, yet can relate adequately on a superficial basis in an environment that entails infrequent public contact, minimal interaction with coworkers, and no over-the-shoulder supervisor scrutiny.

(Doc. 7-3 at PageID 122.) Dr. Matyi did not provide a definition for the term "superficial."

The ALJ specifically found Dr. Matyi's report to be "somewhat persuasive" but he noted that her "assessment contains some vague terms, which reduce[ ] the overall persuasiveness." (Doc. 7-8 at PageID 902.) He further stated that Dr. Matyi's "social limitations were vague, extreme, and not consistent with the record which shows [Brown] did not allege interaction issues in her function report, she worked as a bartender, cashier, and in customer service, and she interacted fine with providers and staff." (*Id.*) The ALJ did not use the term "superficial" in Brown's RFC, and he never explicitly defined the term as used by Dr. Matyi.

## C.     Procedural History, Report and Recommendation, and Objections

Brown filed her Complaint in this case on August 8, 2025 and her Statement of Specific Errors on December 21, 2025. (Docs. 6, 8.) She asserted that the ALJ failed to incorporate the superficial interaction limitation in the RFC given by Dr. Matyi. (Doc. 8 at PageID 1503–1505.) Defendant Commissioner of Social Security filed a Memorandum in Opposition in which he argued that the ALJ's decision should be affirmed because it was supported by substantial evidence. (Doc. 11.)

In the R&R, the Magistrate Judge recommended that the Court overrule Brown's Statement of Errors and affirm the ALJ's finding that Brown is not disabled. She specifically concluded that the ALJ's "evaluation and application of Dr. Matyi's limitation to superficial interaction is supported by substantial evidence." (Doc. 12 at PageID 1533.) In reaching this conclusion, the Magistrate Judge pointed out that "there is no official, agency-accepted definition of the term superficial." (Doc. 12 at PageID 1529.) This Court agrees with that legal finding.

4

*See, e.g., Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 WL 1604376, at *4 (6th Cir. June 6, 2025) (stating that SSA regulations and guidance do "not provide a precise definition or enumerate specific criteria to satisfy a 'superficial' contact limitation"); *Dieter v. Comm'r of Soc. Sec.*, No. No. 3:25 CV 265, 2026 WL 709730, at *3 (N.D. Ohio Mar. 13, 2026) (following *Mabry-Schlicher*). She also found that ALJ Tinsdale's treatment of the superficial interaction limitation in the RFC was based on substantial evidence. (Doc. 12 at PageID 1531.)

In her Objections, Brown contends that the Magistrate Judge erred in finding that the ALJ's treatment of Dr. Matyi's superficial interaction limitation was supported by substantial evidence. Brown contends that the ALJ Tindale's analysis cannot be considered complete because he did not address the definition of the term superficial given by the SSA Appeals Council in a different case but submitted by Brown in the administrative proceedings. (Doc. 13 at PageID 1540.)[1] The Court disagrees. ALJ Tindale was not required to evaluate or use the definition of the term "superficial" giving by the SSA Appeals Council in an unrelated case. *See Markcus C. v. Comm'r of Soc. Sec.*, No. 2:22-cv-1917, 2023 WL 1783514, at *1 (S.D. Ohio Feb. 6, 2023) (denying a plaintiff's request to remand "so that the ALJ can reevaluate plaintiff's claimed disability using the 'superficial interaction' definition the Appeals Council employed in the unrelated case), *report and recommendation adopted,* 2023 WL 2162261 (S.D. Ohio Feb. 22, 2023); *see also Dieter*, 2026 WL 709730, at *3 (finding that an ALJ did not err by not considering a competing definition of the term "superficial" from a non-binding Appeals Council decision).

---

[1] Brown also broadly contends that this Court should "carefully review the arguments set forth in Plaintiff's Statement of Specific Errors" in addition to the objection discussed above. (Doc. 13 at PageID 1539.) However, "the district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Brown's request that the Court also review the arguments made in the Statement of Errors is too broad and general to warrant *de novo* review.

### III.    CONCLUSION

For the reasons above, the Report and Recommendation (Doc. 12) is **ADOPTED**, and Brown's Objections (Doc. 13) are **OVERRULED**.  Brown's Statement of Errors (Doc. 8) is **OVERRULED** as well.  ALJ Tindale's finding that Brown is not disabled is **AFFIRMED**.

**IT IS SO ORDERED.**

BY THE COURT:

_____
Susan J. Dlott
United States District Judge